9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary E. DUSENBERY, Defendant-Appellant.
 Nos. 92-4313, 92-4342.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1993.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 In these consolidated cases, Mary E. Dusenbery appeals the conviction and sentence that followed her plea of guilty to a cocaine charge and a forfeiture count under 21 U.S.C. Sec. 853(a)(2). These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mrs. Dusenbery was named in 16 counts of a 27-count indictment charging conspiracy to distribute cocaine (one count) and use of a telephone to facilitate a drug trafficking crime (15 counts). In addition, count 27 of the indictment called for criminal forfeiture of Mrs. Dusenbery's interest in her residence pursuant to 21 U.S.C. Sec. 853(a)(2). Her involvement in the conspiracy consisted of taking telephone calls relating to cocaine trafficking and handling drug finances for her son, co-defendant Larry Dean Dusenbery, who was in jail on another conviction during the time of the charged conspiracy.
 
 
 4
 On May 12, 1992, Mrs. Dusenbery pleaded guilty to the conspiracy and forfeiture counts pursuant to a Rule 11 plea agreement. The plea agreement stipulated to Mrs. Dusenbery's involvement with 32 kilograms of cocaine and called for a total offense level of 32, which included a two-level reduction for acceptance of responsibility.
 
 
 5
 Mrs. Dusenbery subsequently moved to withdraw her plea, and her request to do so was denied after a hearing. The district court sentenced Mrs. Dusenbery to 60 months' imprisonment and five years' supervised release. This sentence represented a downward departure from the guidelines sentencing range of 121-151 months due to Mrs. Dusenbery's age and medical condition. (Both of her kidneys have been removed as a result of polycystic kidney disease, and she is required to undergo dialysis three times a week. She also suffers from a number of side effects of her long-term dialysis, including bone degeneration.) An order of forfeiture against her home was entered on January 7, 1993. Timely notices of appeal were filed by Mrs. Dusenbery pro se (case no. 92-4313) and by her court-appointed appellate counsel (case no. 92-4342). These appeals have been consolidated for decision.
 
 
 6
 Mrs. Dusenbery's counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel raises three principal issues in her brief: (1) the district court erred in denying the appellant's motions to withdraw her plea; (2) the district court's sentence was unreasonable and greater than necessary to comply with the purposes of the law; and (3) trial counsel rendered ineffective assistance. Mrs. Dusenbery has filed a supplemental pro se brief in which she raises two issues not raised by her counsel: (1) the district court failed to comply with Fed.R.Crim.P. 11(c)(1) and 11(f); and (2) the district court rejected the plea agreement.
 
 
 7
 We shall deny counsel's motion to withdraw. The motion is premised on counsel's conclusion that Mrs. Dusenbery's appeal is frivolous. We do not think it is frivolous. Mrs. Dusenbery's brief sets forth a meritorious argument that the trial court failed to abide by Fed.R.Crim.P. 11(c)(1) in accepting her guilty plea on the forfeiture charge. This failure cannot be regarded as harmless error, and we shall therefore vacate Mrs. Dusenbery's guilty plea as to the forfeiture count and remand the matter to permit a new plea to be taken.
 
 
 8
 * The conviction of Mrs. Dusenbery's son has come before this court in the companion case of United States v. Larry Dean Dusenbery, No. 92-3791. The son entered into a Rule 11 plea agreement as well, and his plea hearing was held before the same judge on the same day as Mrs. Dusenbery's. In the son's appeal, we held that the trial court violated Fed.R.Crim.P. 11(c)(1) by failing adequately to explain the nature of the charge.
 
 II
 
 9
 Mrs. Dusenbery's case closely resembles her son's. At the plea hearing, the court adequately explained the conspiracy charge, telling Mrs. Dusenbery that:
 
 
 10
 "[A conspiracy] simply means that you agreed with other persons named or unnamed in this indictment to commit an illegal act, either by committing illegal actions or committing actions which lead to an illegal end. It is further assumed that the proof must indicate that there was something done by one of the conspirators in furtherance of that agreement to reach the illegal end.
 
 
 11
 The Government, in its case, were the case to go to trial, must prove that you did this intentionally and knowingly and purposely, as charged in the indictment." (Plea Hrg. Tr. at 12.)
 
 
 12
 The court did not adequately explain the forfeiture count. The colloquy with respect to that count went as follows:
 
 
 13
 THE COURT: You state here that you understand that as part of the plea agreement you must immediately and voluntarily forfeit to the United States your interest in the asset which is set forth in Count 27, that is the real property located at 1484 State Route 44, Randolph Township, together with all improvements, fixtures and appurtenances.
 
 
 14
 Is that agreeable to you, and you understand that?
 
 
 15
 THE DEFENDANT: Yes, um-hum.
 
 
 16
 THE COURT: Okay. Do you know what an appurtenance is?
 
 
 17
 THE DEFENDANT: No, I just asked her.
 
 
 18
 THE COURT: I've never known what that is.
 
 
 19
 THE DEFENDANT: I didn't know what it meant, that's why I asked her." (Id. at 12-13.)
 
 
 20
 This was the entire extent of the court's discussion of the forfeiture count. The court did not recite the elements of the forfeiture charge, did not read the indictment to Mrs. Dusenbery, and did not explain criminal forfeitures in layman's terms. The court did not inform Mrs. Dusenbery that a forfeiture under 21 U.S.C. Sec. 853(a)(2) requires that the property to be forfeited was "used, or intended to be used ... to commit, or to facilitate the commission of [a narcotics] violation."
 
 
 21
 The logic of our opinion in United States v. Larry Dean Dusenbery, No. 92-3791, compels us to VACATE the judgment of forfeiture and REMAND the matter to the district court for the taking of a new plea with respect to the forfeiture count. It is so ordered. The conviction and sentence on the conspiracy count are AFFIRMED. Ms. Hughes' motion to withdraw is hereby DENIED.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation